☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 2 7 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARLO P. CAMP, | 3:12-cv-185-RCJ (RAM) |
| Plaintiff, | |
| vs. | **ORDER** |
| FRONTIERLAND COMMUNICATIONS, et al., | |
| Defendants. | |

Plaintiff has submitted to the court an Application for Leave to Proceed *In Forma Pauperis* (Doc. #1), along with what purports to be a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. #1-2).

It appears from Plaintiff's application to proceed *in forma pauperis* that she is without sufficient funds to pay the filing fee for this case. The court will therefore grant Plaintiff leave to proceed *in forma pauperis*, and will order her complaint filed and docketed.

However, the court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, and is in fact frivolous. The court will therefore dismiss Plaintiff's complaint and give Plaintiff an opportunity to file an amended complaint.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court must dismiss a case in which *in forma pauperis* status is granted, "if the allegation of poverty is untrue," or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

///

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Inter'l v. Arizona Corp. Comm.*, 720 F.2d 578 (9th Cir. 1983). In considering whether a plaintiff has stated a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the complaint or portions of it. *Halet v. Wand Investment Co.*, 672 F.2d 1305 (9th Cir. 1982). All or part of a complaint filed *in forma pauperis* may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as claims based on fanciful factual allegations, (*e.g.*, fantastic or delusional scenarios).

The caption of Plaintiff's complaint lists Frontierland Communications, Charter Communications, and NV Energy as Defendants. The body of Plaintiff's complaint includes claims based on conclusions that are untenable, such as: "Imaging, illegal surveillance, stalking, coercion, and harassment (cell phone and other). Both are being addressed in the Senate and Congress, respectfully! Illegal communications, coming and going." (Doc. #1-2).

The court cannot tell what events lead to Plaintiff's claim of a civil rights violation. The court cannot tell what rights plaintiff believes have been violated. The court cannot tell how any of the Defendants listed in the caption of her complaint are alleged to be responsible for a violation of any of Plaintiff's rights. Finally, the court cannot see any basis for a conclusion

that any of the listed Defendants acted under color of state law, as is required for a claim under 42 U.S.C. § 1983.

Plaintiff's complaint, when read alone does not state anything like a viable civil rights claim. The court will therefore dismiss Plaintiff's complaint, without prejudice, and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is **GRANTED**. Plaintiff shall be permitted to file her complaint without payment of the filing fee. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE AND DOCKET** Plaintiff's Complaint (Doc. #1-2).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff will have thirty (30) days from the date of this order to file an amended complaint. If Plaintiff does not file an amended complaint within the time allowed, or if Plaintiff failed an amended complaint that fails to state a claim upon which relief can be granted, the undersigned Magistrate Judge may recommend that the court dismiss Plaintiff's action and order judgment entered against her.

DATED: August 27, 2012.

_____
UNITED STATES MAGISTRATE JUDGE